United States District Court
For the
Northern District of Iowa
Eastern Division

JAMES LEE QUISTORFF     )
                             )
     Plaintiff,           )
                             )
vs.                       )    Civil Action No.
                             )
UPPER IOWA UNIVERSITY,   )    JURY TRIAL DEMANDED
                             )
     Defendant.         )

## COMPLAINT

**COMES NOW** the above-named Plaintiff and in support of his cause of action states the following:

## GENERAL ALLEGATIONS

1. The Plaintiff is citizen of the State of Iowa residing at 8450 Big Woods Road, Janesville, Iowa 50647.

2. The Defendant, Upper Iowa University, is a domestic non-profit corporation with a principal place of business at 605 Washington Street, P.O. Box 1857, Fayette, Iowa 52142.

3. The Defendant is an educational institution offering undergraduate and post-graduate curriculum both nationally and internationally and receives federal funding from the United States government.

4. The amount in controversy, without interest and costs, exceeds the value specified by 28 U.S.C. § 1332.

1

5.  Jurisdiction arises under 42 U.S.C. §§ 12101 et seq., as amended (Americans with Disabilities Act and ADA Amendments Act), prohibiting employment discrimination on the basis of a disability.

6.  Jurisdiction arises under 29 U.S.C. 701, et seq., (Rehabilitation Act of 1973 and all amendments thereto).

## EMPLOYMENT DISCRIMINATION

7.  The Plaintiff incorporates and re-alleges Paragraphs 1 through 6 as if set forth fully herein.

8.  The Plaintiff was diagnosed with multiple sclerosis in June 2012; however, the Plaintiff experienced multiple sclerosis symptoms dating back to 2005, including optic neuritis.

9.  The Plaintiff began employment with the Defendant on or about August 15, 2011 as an Enterprise System Specialist in the Information Technology Department.

10. The Plaintiff was terminated from employment on or about March 6, 2013.

11. Throughout the course of employment, the Plaintiff was disabled as defined under 42 U.S.C § 12102, Iowa Code § 216.2(5), and 29 U.S.C. 701, et seq., the Rehabilitation Act of 1973 with a diagnosis of multiple sclerosis and optic neuritis.

12. The Plaintiff's multiple sclerosis substantially limits the Plaintiff's major life activities and causes him

2

substantial hardship, including: fatigue, poor eyesight, anxiety and depression, walking and balance problems, and other limitations.

13. Despite the Plaintiff's disabilities, he could perform the essential functions of his job with or without a reasonable accommodation.

14. The Defendant was aware of the nature and extent of the Plaintiff's multiple sclerosis and limiting factors.

15. On or about March 6, 2013, and on earlier dates and prior to the termination, the Plaintiff requested an accommodation to work remotely from home as recommended by his treatment provider, Dr. Darko Zdilar.

16. The accommodation was not provided and the Plaintiff was terminated from employment; although, the Defendant had previously allowed the Plaintiff to work remotely prior to his request as an accommodation.

17. The accommodation was reasonable and could have been provided without undue hardship; with the accommodation the Plaintiff was a qualified individual with a disability that could perform all essential functions of his position.

18. On or about March 6, 2013, the Defendant knowingly and intentionally terminated the Plaintiff on the basis of his disability in violation of 42 U.S.C. §§ 12101 et seq., Iowa

Code §§ 216 et seq., and 29 U.S.C. 701, et seq., the Rehabilitation Act of 1973.

19. On or about August 16, 2013, the Plaintiff filed a complaint with the Iowa Civil Rights Commission alleging discrimination on the basis of the Plaintiff's disability and failure to provide a reasonable accommodation.

20. On or about August 20, 2013, the Iowa Civil Rights Commission filed the complaint with the U.S. Equal Employment Opportunity Commission.

21. The Iowa Civil Rights Commission issued an Administrative Release (Letter of Right-To-Sue) which is attached hereto and incorporated herein.

22. The U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue which is attached hereto and incorporated herein.

23. The Plaintiff has been unable to find any employment comparable to his former position and has suffered emotional distress directly from his unlawful termination.

24. As a result of the Defendant's discriminatory conduct the Plaintiff has suffered damages including past, present, and future lost wages, severe emotional and mental distress, employment benefits that he would have received from continued employment, attorney fees, costs and expenses.

4

25. The Defendant's conduct was intentional and with reckless disregard for the Plaintiff's legal rights and punitive damages must be awarded.

26. The Court should enter judgment against the Defendant for all past, present, and future lost wages, past, present, and future emotional distress, employment benefits that he would have received from continued employment, reasonable attorney fees, and all costs and expenses, punitive damages and all other relief the Court deems just and equitable.

27. The Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE** the Plaintiff demands a money judgment against the Defendant for past, present, and future lost wages, past, present and future emotional distress suffered plus costs, attorney fees, and interest at a rate allowed by law, punitive damages, and all other relief the Court deems just and equitable.

Date: January 23, 2014

/S/Dale L. Putnam

**Dale L. Putnam       AT0006463**
**Putnam Law Office**
**801 Commerce Drive, Suite 1**
**P.O. Box 70**
**Decorah, Iowa 52101**
**Ph.  (563) 382-2984**
**Fax. (563) 382-8810**
**putlaw@putlaw.com**
**ATTORNEY FOR PLAINTIFF**

Administrative Release
(Letter of Right-To-Sue)

| To: | ) | From: |
|---|---|---|
| | ) | |
| MR. JAMES QUISTORFF | ) | Iowa Civil Rights Commission |
| 8450 BIG WOODS ROAD | ) | Grimes State Office Building |
| JANESVILLE, IA 50647 | ) | 400 E. 14th Street |
| | ) | Des Moines, Iowa 50319 |

Complaint CP# 08-13-64670          EEOC# 26A-2013-01019C

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code Section 216.16 and 161 Iowa Administrative Code Section 3.10. It is issued pursuant to the Complainant's request.

The following conditions have been met:

1. The complaint was timely filed with the Iowa Civil Rights Commission (ICRC) as provided in Iowa Code Section 216.15(12);

2. Sixty (60) days have expired since the complaint was filed with ICRC;

3. None of the exceptions set forth in Administrative Rule 161 – 3.10(4) are applicable.

With this Administrative Release, the Complainant has the right to commence an action in district court. That action must be commenced within ninety (90) days of the issue date **11/19/2013**. *The Right-to-Sue Letter is not a finding by ICRC on the merits of the charge. ICRC will take no further actions in this matter.*

A copy of this Administrative Release/Letter of Right-To-Sue has been sent to the Respondent(s) and counsel(s) as shown below. The Code allows any party to obtain a complete copy of the case file after a Right-To-Sue has been issued. Requests for copies should be directed to Annette Flaherty at ICRC.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840

cc: File
    DALE R. PUTNAM, Complainant's Attorney
    CHRISTOPHER A. KRAGNES, Respondent's Attorney
    UPPER IOWA UNIVERSITY

ICRC/S36 (24)

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | James L. Quistorff<br>8450 Big Woods Road<br>Janesville, IA 50647 | From: | Milwaukee Area Office<br>310 West Wisconsin Ave<br>Suite 500<br>Milwaukee, WI 53203 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 26A-2013-01019 | Ora M. Holland,<br>State & Local Coordinator | (312) 869-8078 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

DEC 2 7 2013

Enclosures(s)

**John P. Rowe,**
**District Director**

*(Date Mailed)*

cc: | **UPPER IOWA UNIVERSITY**<br>Attn: Christopher Kragnees<br>605 Washington St<br>Fayette, IA 52142 | **PUTNAM LAW OFFICE**<br>Attn: Dale Putnam<br>801 COMMERCE DRIVE, STE 1<br>Decorah, IA 52101 |

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

## PRIVATE SUIT RIGHTS

The issuance of this *Notice of Right to Sue* or *Dismissal and Notice of Rights* ends the EEOC process with respect to your Charge. You may file a lawsuit against the Respondent within 90 days from the date you receive this Notice. Therefore, you should keep a record of the date. Once the 90 day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf; your suit should be filed well in advance of the expiration of the 90 day period.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short Statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the Respondent has its main office.

You may contact the EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

IF YOUR CHARGE WAS INVESTIGATED BY ANY OF THE FOLLOWING AGENCIES, YOU **MUST** DIRECT ALL REQUESTS TO REVIEW AND/OR COPY DOCUMENTS FROM YOUR FILE TO THE AGENCY BELOW THAT INVESTIGATED YOUR CHARGE:

> THE WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT- EQUAL RIGHTS DIVISION; THE MADISON DEPARTMENT OF CIVIL RIGHTS - EQUAL OPPORTUNITIES DIVISION; THE IOWA CIVIL RIGHTS COMMISSION; THE DAVENPORT CIVIL RIGHTS COMMISSION; THE MASON CITY HUMAN RIGHTS COMMISSION; THE MINNESOTA DEPARTMENT OF HUMAN RIGHTS; THE MINNEAPOLIS DEPARTMENT OF CIVIL RIGHTS OR THE CITY OF ST PAUL -DEPARTMENT OF HUMAN RIGHTS & EQUAL ECONOMIC OPPORTUNITY.

A lawsuit against a private employer is generally filed in the U.S. District Court. A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a State agency or a political subdivision of the State is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment of the American with Disabilities Act or, probably, the Equal Pay Act against a State instrumentality (an agency directly funded and controlled by the State) can only be filed in a State court. A lawsuit under the Age Discrimination in Employment Act or the American with Disabilities Act or the Equal Pay Act against a political subdivision of a State, such as municipalities and counties, may be filed in the U.S. District Court.

## ATTORNEY REPRESENTATION

If you cannot afford an attorney or have been unable to represent you, the court having jurisdiction in your case may assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well in advance of the 90 day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within the 90-day period.

## DESTRUCTION OF FILE

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your Charge file could be destroyed *as early as six months* after the date of the Notice of Right to Sue.

IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.